**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4591**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THEOPHILUS LAMAR DAVIS, II,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:15-cr-00117-MGL-1)

---

Submitted: March 18, 2016        Decided: April 13, 2016

---

Before NIEMEYER, GREGORY, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

James P. Rogers, Assistant Federal Public Defender, Columbia South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theophilus Lamar Davis II was found guilty by a jury of conspiracy to manufacture and pass counterfeit Federal Reserve notes in violation of 18 U.S.C. § 371 (2012) (Count 1). He was sentenced to 24 months of imprisonment. On appeal, Davis raises two issues: (1) whether the district court erred by denying Davis's motion for acquittal; and (2) whether there was insufficient evidence to support his conviction for Count 1. We affirm.

We review the denial of a motion for acquittal de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When the motion is based on a claim of insufficient evidence, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government to support it. See United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. Reviewing the evidence as required, we find sufficient evidence for Davis's conviction.

As his second issue, Davis alleges that the evidence was insufficient to support his conviction for Count 1. As we noted above, the evidence was sufficient. See Palomino-Coronado, 805 F.3d at 130. A "defendant bringing a sufficiency challenge must

2

overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012) (internal citations and quotation marks omitted). To establish a § 371 conspiracy, the Government must prove only an agreement between two or more people to commit a crime against the federal government and an overt act in furtherance of the conspiracy. See United States v. Kingrea, 573 F.3d 186, 195 (4th Cir. 2009). Upon review of the record and in light of Davis failing to overcome the heavy burden, see Engle, 676 F.3d at 419, his second issue also fails.

Accordingly, we affirm Davis's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3